## FRAU *v.* CANALS.

CASACIÓN procedente de la Corte de Distrito de Arecibo.

No. 22.—Resuelto en Febrero 18, 1903.

CASACIÓN.—SENTENCIA DEFINITIVA—El recurso de casación solo procede contra las sentencias definitivas.

ID.—PRUEBA IMPERTINENTE.—El recurso de casación por quebrantamiento de forma no procede fundado en la denegación de posiciones impertinentes, que no produce indefension.

### EXPOSICIÓN DEL CASO.

*Resultando:* que con fecha 21 de Febrero de 1901, Doña Emilia Frau y Vázquez, la que en 26 de Junio de 1899 había contraido matrimonio canónico con Don Pedro A. Canals, inscrito en el Registro Civil, ambos naturales de Mallorca, entabló demanda de divorcio contra su referido esposo por malos tratamientos de obra, determinados por las intemperancias de carácter del mismo y la desconsiderada conducta que éste había observado con ella, malos tratamientos que se habían agravado por no haberla atendido primeramente, según era debido, en la enfermedad que contrajo con motivo de su desconsiderada conducta, y por haberla abandonado después, negándose al despacho de las medicinas que necesitaba, con lo cual dió lugar á que su enfermedad tomara alarmantes proporciones.

*Resultando:* que Don Pedro Canals, al contestar la demanda, alegó como excepción dilatoria la de incompetencia de jurisdicción, fundada en el hecho de ser extranjeros demandante y demandado, por lo que suplicó á la Corte de Distrito de Arecibo, se declarara incompetente para conocer del pleito y sus incidencias, y se inhibiera de su conocimiento á favor de los Tribunales eclesiásticos españoles, á los que se remitirían las actuaciones por medio del Cónsul Español en esta Isla; y entrando en el fondo del asunto, impugnó la demanda pidiendo que en definitiva se declarara sin lugar, por no existir causa legítima de divorcio, y ser este

## FRAU *v.* CANALS.

## APPEAL in cassation from a judgment rendered by the District Court of Arecibo.

No. 22.—Decided February 18, 1903.

improcedente en cuanto al vínculo, aún en el caso de que existiera la causa expresada.

*Resultando:* que el Tribunal de Distrito de Arecibo, en la primera sesión del juicio oral que tuvo lugar en 22 de Julio del año expresado, dictó auto declarándose competente para conocer del pleito; y continuada la tramitación del mismo y siendo materia de pruebas el hecho de que Doña Emilia Frau había contraido la enfermedad de que padecía, por contacto carnal con su esposo Don Pedro A. Canals, éste formuló pliego de posiciones que había de absolver aquélla, entre las cuales figuran las marcadas con los números 3, 4 y 18, que literalmente dicen así:

"III.—Ser verdad que cuando contrajo matrimonio era tan inocente, candorosa y pura, que por delicadezas de su pudor, durante los dos primeros días de casada, negóse á realizar actos carnales con su marido".

"IV.—Ser cierto que al tercer día de la boda, por primera vez, efectuó la cópula carnal con su cónyuge, quien aquel mismo día tuvo que marchar á San Juan, quedando la declarante en la casa de su señora madre".

"XVIII.—Ser cierto que cuando era soltera padecía de irregularidades mestruales ó sean trastornos en la presentación del período": habiendo declarado el expresado Tribunal, impertinentes dichas posiciones en la sesión del juicio que tuvo lugar el día 8 de Octubre del propio año 1901, contra cuya declaratoria de impertinencia protestó la defensa de Canals.

*Resultando:* que el Tribunal de Arecibo, por sentencia de 31 de Enero del año próximo pasado, declaró con lugar la demanda de divorcio interpuesta por Doña Emilia Frau Vázquez contra su esposo Don Pedro A. Canals, y en su consecuencia, disuelto el matrimonio de ambos cónyuges, con las costas al demandado, haciendo además, otros pronunciamientos de que no es necesario hacer mérito.

*Resultando:* que la representación de Don Pedro A. Canals interpuso ante el referido Tribunal recurso de casación por infracción de ley .contra el auto de 22 de Julio, por el que se declaró competente para conocer del presente pleito: recurso de casación contra la sentencia de 31 de Enero por quebrantamiento de forma, fundado en el caso 5 del artículo 1,691 de la Ley de Enjuiciamiento Civil, por haber dicho Tribunal

the marriage tie even if such cause did exist. The District Court of Arecibo, at the first session of the hearing held on the 22nd of July of the aforesaid year, made an order declaring that it had jurisdiction to try the case; and the trial thereof having been proceeded with, and evidence having been introduced showing that the disease from which Doña Amelia Frau was suffering had been contracted by carnal intercourse with her husband Don Pedro A. Canals, the said Canals prepared interrogatories to which the said Amelia Frau should reply, among which are to be found interrogatories marked numbers 3, 4 and 18, which read as follows:

"III.—Whether it is true that when she married she was so innocent, honest and pure, that on account of her bashfulness, during the first two days after the marriage she refused to have sexual intercourse with her husband."

"IV.—Whether it is true that the third day after the wedding was the first time that she had carnal connection with her husband, who on that same day was obliged to leave for San Juan, the deponent remaining at the house of her mother".

"XVIII.—Wheter it is true that when she was a single girl she suffered from irregularities of menstruation or in the presentation of the monthly period". The said court declared the foregoing interrogatories to be impertinent, in its session held on the 8th of October, 1901, against which ruling counsel for Canals protested.

The Arecibo Court by a judgment rendered on the 31st of January of the year last passed sustained the complaint filed by Doña Amelia Frau y Vazquez asking for a divorce from her husband Don Pedro A. Canals, and accordingly declared the marriage dissolved with the costs against defendant, and making futher declarations to which it is not necessary for us to refer. Counsel for Don Pedro A. Canals took an appeal in cassation for error of law, from the order entered on the 22nd of July, by which the court held that it had jurisdiction to try the case; he also took an appeal in cassation from the judgment rendered on the 31st of January, for error of procedure based on paragraph 5 of article 1691 of the Law of Civil Procedure, because the court declared

declarado impertinentes las preguntas 3ª, 4ª y 18ª de las posiciones que debió absolver Doña Emilia Frau y que encajan dentro de la letra y espíritu de los artículos 564 y 580 de la Ley de Enjuiciamiento Civil, pues esa declaratoria envuelve denegación de diligencia de prueba que indudablemente produce indefensión, ya que la parte recurrente se prometía quedara evidenciada su inocencia, mediante la absolución de dichas posiciones; y también recurso de casación por infracción de ley contra la misma sentencia, cuyos recursos le fueron admitidos por auto de 26 de Febrero del año último.

*Resultando:* que recibidos los autos en este Tribunal Supremo y personada la parte recurrente, le fueron entregados por término de veinte días á los efectos del recurso de casación por quebrantamiento de forma, y al devolverlos formalizó el recurso de casación por infracción de ley contra el auto de 22 de Julio de 1901, por si la sala estimaba que se viera antes, por constituir una excepción dilatoria, y á la vez reprodujo el de quebrantamiento de forma contra la sentencia pronunciada, haciendo constar que pidió la subsanación de la falta al denegársele la diligencia de prueba de que se trata, y formuló la consiguiente protesta.

Abogado del recurrente: *Sr. Alvarez Nava.*

Abogado del recurrido: *Sr. Texidor.*

Fiscal del Tribunal Supremo: *Sr. del Toro.*

EL JUEZ ASOCIADO Sr. SULZBACHER, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que contra el auto de 22 de Julio de 1901, que dictó el Tribunal de Distrito de Arecibo declarándose competente para conocer del pleito, no procede recurso de casación, pues éste solo se dá contra la sentencia pronunciada en el juicio, según así se desprende de la regla 62 de la Orden General No. 118, serie de 1899, al disponer en su último inciso que si la resolución fuere denagatoria de la excepción dilatoria alegada, continuará, sin demora alguna, la celebración del juicio en lo relativo á las demás pruebas propuestas

impertinent the third, fourth and eighteenth interrogatories to which Doña Amelia Frau should have replied, which interrogatories come within the letter and the spirit of Articles 564 and 580 of the Law of Civil Procedure, since the said ruling involves a refusal to hear evidence which undoubtedly deprives a party of his defence, inasmuch as the appellant promised that his innocence should be proved by the replies to said interrogatories, and also he took an appeal in cassation for error of law, from the said judgment; which appeals were allowed by order of the 26th of February of last year. The record having been received in this Supreme Court and the apellant having entered his appearance the record was delivered to him for a term of twenty days for the purposes of the appeal in cassation for error of procedure, and upon returning the said record he perfected his appeal in cassation for error of law, from the order of the 22nd of July, 1901, in order that the same might be ready in case the court should see fit to hear it first in view of the fact that it involved a dilatory exception, and at the same time he again presented his appeal for error of procedure from the judgment aforesaid, making it appear of record that he asked for the correction of the defect constituted by the refusal of the trial court to hear the evidence referred to, and that he accordingly entered his exception to the said ruling.

acerca de la cuestión litigiosa; sin que por ello quede privada la parte de todo recurso contra aquella resolución, en casos como el de autos, toda vez que contra la sentencia definitiva cabe recurso de casación por infracción de ley ó por quebrantamiento de forma, por razón de jurisdicción, en los casos que establecen los artículos 1690, No. 6 y 1691, No. 6, de la Ley de Enjuiciamiento Civil.

· *Considerando:* que las posiciones declaradas impertinentes por el Tribunal sentenciador merecen realmente tal calificación, pues cualquiera que hubiera sido el resultado de las mismas, en el caso de que hubieran sido absueltas por la demandante, no hubieran influido en el resultado del pleito, y menos hubieran podido producir indefensión, por lo que es improcedente el recurso por quebrantamiento de forma, como comprendido en el No. 5 del artículo 1691 de la ley citada.

*Fallamos:* que debemos declarar y declaramos no haber lugar á resolver el recurso de casación por infracción de ley interpuesto contra el auto de 22 de Julio de 1901, y declaramos sin lugar el de quebrantamiento de forma interpuesto contra la sentencia definitiva pronunciada, con los costas á cargo de Don Pedro A. Canals; comuníquese esta resolución al Tribunal de Distrito de Arecibo y dése cuenta oportunamente para sustanciar el recurso por infracción de ley, interpuesto contra la misma sentencia.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y MacLeary.